USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/9/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOWARD ADELGLASS,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

26-CV-4229 (JSR) (BCM)

20-CR-0605-1 (JSR)

**ORDER**

BARBARA MOSES, United States Magistrate Judge.

The government has filed a letter-motion (Dkt. 7) arguing that Howard Adelglass's petition to vacate or set aside his criminal conviction, brought under 28 U.S.C. § 2255 (Dkt. 1), should be dismissed as untimely.[1]

Petitions brought under § 2255 are subject to a one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "For the purpose of starting the clock on § 2255's one-year limitation period," the Supreme Court has held that "a judgment of conviction becomes final when the time expires

[1] All docket citations are to the docket in No. 26-CV-4229.

for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003).

In this case, Adelglass appealed his conviction to the Second Circuit, which affirmed it on December 12, 2024. *United States v. Adelglass*, 2024 WL 5087519 (2d Cir. Dec. 12, 2024) (summary order). The 90-day period to seek certiorari, *see* Sup. Ct. Rule 13, ran on March 12, 2025. Consequently, unless Adelglass can make a case for the application of subsection 2, 3 or 4 of § 2255(f), he was required to file his § 2255 petition by March 12, 2026. Instead, his petition was dated and signed two months later, on May 12, 2026. *See* Dkt. 1 at ECF pp. 12, 37, 46. The postmark date is May 15, 2026. *See id*. at ECF p. 81. In the section of the pro se form that asks the movant to explain (if applicable), why the one-year statute of limitations contained in § 2255 does not bar his motion, Adelglass answered "NA." *Id*. at ECF p. 11.

In light of his pro se status and incarceration, Adelglass may have thirty days (until **August 10, 2026**) to respond to the government's motion. The government may have ten days (until **August 20, 2026**) to file any reply.

The deadline for the government to file a merits response to Adelglass's § 2255 petition is hereby ADJOURNED until 30 days after the Court's decision on the government's motion to dismiss the petition on timeliness grounds.

Dated: New York, NY
July 9, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**